UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **MICHAEL LEON HAYES** | **CIVIL ACTION NO. 16-198-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **DEPARTMENT OF CORRECTIONS, ET AL.** | **MAGISTRATE JUDGE HAYES** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed <u>in forma pauperis</u> by <u>pro se</u> plaintiff Michael Leon Hayes ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on February 11, 2016. Plaintiff is incarcerated at the Bossier Maximum Security Center in Plain Dealing, Louisiana, and claims his civil rights were violated by prison officials. He names the Department of Corrections, Linton Jacobs, Billy Jones, the Bossier Parish Sheriffs Office, the Bossier Parish Medium Security Facility, the Bossier Parish Minimum Security Facility, the Bossier Parish Maximum Security Facility, Lt. Toloso, Captain Boyer, Captain Stokes, and Lt. Milner as defendants.

Plaintiff claims the state trial court judge sentenced him to substance abuse treatment. He claims each Defendant informed him that he could not attend a substance abuse program in Bossier Parish. He claims he requested to be transferred to a DOC facility so he could

receive substance abuse treatment.

Plaintiff claims Lt. Toloso told him that he would make sure he stayed in jail and his time would be a living hell. He claims he has never been a problem offender.

Accordingly, Plaintiff seeks monetary compensation, substance abuse treatment, a work release program, and a transfer to a DOC facility.

## LAW AND ANALYSIS

**Substance Abuse Program**

Plaintiff claims he is incarcerated at a facility without a substance abuse program. Plaintiff is a DOC inmate and therefore his placement is solely within the purview of the DOC. The United States Supreme Court has held that it is for state prison authorities to decide where a state prisoner is to be incarcerated, and that a prisoner has no right to challenge his place of incarceration. See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 Broad discretionary authority is afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979 (1974). To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. Meachum v.. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538 (1976). Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. See

Meachum v. Fano, 427 U.S. 215, 224, 96 S.Ct. 2532 (1976).

In order to state a constitutional claim for either a procedural or substantive due process violation, Plaintiff must demonstrate that he was "denied a cognizable liberty or property interest clearly established either by state law or the United States Constitution." Wooley v. City of Baton Rouge, 211 F.3d 913, 919 (5th Cir.2000); accord Sandin v. Conner, 515 U.S. 472, 481–83, 115 S.Ct. 2293 (1995) (a prisoner has a liberty interest only in "freedom[s] from restraint ... impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); Bryan v. City of Madison, 213 F.3d 267, 274 (5th Cir.2000) (property interest).  However, neither the Due Process Clause, nor any other provision of the Constitution affords inmates the constitutional right to educational or rehabilitative programs or services. Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir.1988); see also Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir.1991) (prisoners do not have a constitutional right to "social services."); Newman v. State of Alabama, 559 F.2d 283, 292 (5th Cir.1977), rev'd in part on other grounds sub nom., Alabama v. Pugh, 438 U.S. 781, 98 S.Ct. 3057 (1978) (prisoners do not possess a protected liberty interest in educational programs, recreation opportunities, or in avoidance of being transferred to facilities where the programs are less comprehensive); Bulger v. United States Bureau of Prisons, 65 F.3d 48, 49 (5th Cir.1995) (no federal constitutional right to participate in an education or rehabilitative program while incarcerated).

Accordingly, this claim should be dismissed with prejudice as frivolous.

**Verbal Threats**

Plaintiff's claims of verbal abuse and harassment fail to raise a federal constitutional claim. A plaintiff can successfully invoke § 1983 only when his federal statutory or constitutional rights have been violated. The Fifth Circuit has held that verbal abuse or harassment by a prison guard does not amount to an Eighth Amendment violation. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir.1997) (citing Bender v. Brumley, 1 F.3d 271, 274 n. 4 (5th Cir.1993)). The "mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations." Robertson v. Plano City of Texas, 70 F.3d 21, 24 (5th Cir.1995). See Bender v. Brumley, 1 F.3d 271, 274 n. 4 (5th Cir.1993) (holding that claims of verbal abuse and harassment are not actionable under § 1983).

Accordingly, this claim should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Monroe, Louisiana, on this 22nd day of March 2016.

_____
Karen L. Hayes, U.S. Magistrate Judge